[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER ON MOTION TO COMPEL ARBITRATION
The plaintiff has brought this lawsuit alleging that the defendant was negligent in safekeeping some jewelry items belonging to the plaintiffs' insured. The plaintiff paid on the loss and now seeks recovery from the defendant. The defendant has a policy of insurance through Liberty Mutual Insurance Company that may cover part of this loss should the defendant be found liable. These two insurance companies have signed an inter-company arbitration agreement which obligates them to arbitrate coverage controversies in certain circumstances.
The defendant has filed a Motion to Compel Arbitration. The plaintiff objects because it asserts that the value of its claim against the defendant is vastly in excess of any coverage afforded by the Liberty Mutual policy.
The defendant is putting the cart before the horse. There is no coverage issue yet, because there has been no determination that the defendant is liable to the plaintiff. Even if that turns out to be the case, there is no competent evidence that such a judgment would be substantially covered by the Liberty Mutual policy such that a coverage controversy exists. But most important regarding the Motion to Compel, there is no evidence that the defendant is herself a signatory of the arbitration agreement. The court cannot read the terms of the intercompany agreement as obligating the plaintiff to arbitrate with one who is not a signatory to it.
The plaintiff is not obligated under its arbitration agreement with Liberty Mutual to arbitrate with Irene Rogers, at least not until the litigation against this defendant terminates in a determination or concession that this defendant is liable to the plaintiff. CT Page 12255
The Motion to Compel Arbitration is denied.
Patty Jenkins Pittman, J.